UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ISRAEL ILARIOS MORALES,

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

Case No. 26-cv-10973-TLT

**ORDER EXTENDING LIMITED TERM FOR TEMPORARY RESTRAINING UNTIL 5PM ON OCTOBER 13, 2026 AND QUESTIONS FOR THE HEARING**

Re: Dkt. Nos. 4, 10, 12

Good cause found, the Court **ORDERS** a limited extension and **the temporary restraining order will expire at 5pm on October 13, 2026**.

The undersigned Judge will be attending a conference out of state and is unavailable on the final day of the temporary restraining order, October 9, 2026. As such, the TRO is extended to 5 p.m.,, October 13, 2026.

The hearing for the preliminary injunction has been set for October 13, 2026 at 11 a.m. ECF 7.

Separately, the Court ORDERS the parties to respond to the following questions, no more than two pages, on or before **October 9, 2026**. The Court, in its discretion, may issue additional supplemental questions on or before the October 13, 2026 hearing.

[**TO RESPONDENTS**]

Petitioner contends that "Respondents make no assertion nor offer any evidence to this Court that the prior order of removal was or even still has been in fact, reinstated." ECF 12 at 2. The two exhibits Respondent submitted, namely the Warrant of Removal/Deportation (the Form I-205) and the Notice of Intent/Decision to Reinstate Prior Order (the Form I-871), appear to have been issued after Petitioner's arrest and transport to the ICE office. ECF 10-1 and 13.

United States District Court
Northern District of California

United States District Court
Northern District of California

1. Please confirm whether the Court's understanding is correct. If so, identify the legal authority supporting Respondents' position that issuance of the Warrant of Removal/Deportation and the reinstatement order *after* Petitioner's arrest did not violate Petitioner's constitutional right. Additionally, a clear recitation of the timeline is invited.

[**TO PETITIONER**]

Petitioner relies on *Linares Munoz v. Roberts*, No. 2:26-cv-01181-SPC-DNF, 2026 WL 1172883 (M.D. Fla. Apr. 30, 2026) to support his opposition. The Court observes that the *Linares Munoz* Court upheld that (1) petitioner's arrest was unlawful, (2) the I-871 reinstatement is defective, and (3) the I-205 warrant is invalid. *Id*. at *2.

2. Please identify and explain any asserted defect or impropriety in the documents issued to Petitioner in this action.

3. Similarly, a clear recitation of the timeline of events is invited and whether the Petitioner is aware of any other cases employing the same alleged practices. If so, please provide the name of the case, docket number, and current status of the case.

IT IS SO ORDERED.

Dated: October 5, 2026

TRINA L. THOMPSON
United States District Judge