UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

ISRAEL ILARIOS MORALES,

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

Case No. 26-cv-10973-TLT

**ORDER DENYING PRELIMINARY INJUNCTION AND HABEAS PETITION**

Re: Dkt. Nos. 1, 10

On September 25, 2026, Petitioner filed a petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, alleging that his warrantless arrest and detention are unlawful under 8 U.S.C. § 1357(a)(2), the Fourth Amendment, and the Due Process Clause. ECF 1. Simultaneously, Petitioner filed an ex parte motion for a temporary restraining order. ECF 2. The Court granted a temporary restraining order and issued an Order to Show Cause. ECF 4. Additionally, the Court scheduled an evidentiary hearing for October 13, 2026 to determine whether to convert the temporary restraining order into a preliminary injunction. *Id*.

On September 30, 2026, Respondents filed a response to the Order to Show Cause, and on October 2, 2026, Petitioner filed his reply in support. ECF 10, 12. On October 5, 2026, the Court issued an order extending the limited term for the temporary restraining order until 5:00 p.m. on October 13, 2026, and supplemental questions for the hearing. ECF 15. The parties submitted responses timely. ECF 16–17.

At the October 13, 2026 hearing, Petitioner raised the need for a copy of his original 2005 removal order to determine whether it contains any defects and, consequently, whether the reinstated removal order at issue is proper. ECF 19. Respondents requested at least 72 hours to locate the copy. *Id*. Given the mutual nonopposition, the Court further extended the temporary

restraining order until 5:00 p.m. on October 30, 2026 to allow both parties to comply with each request. *Id.*

Respondents filed Petitioner's 2005 removal order and the Warrant of Removal/Deportation (Form I-205) later that day. ECF 20. On October 27, 2026, Petitioner submitted his brief after reviewing Respondents' submission. ECF 21. On October 28, 2026, Respondents submitted their response to the brief. ECF 22.

The Court finds the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). ECF 19.

Having considered the parties' briefs, oral arguments, and the relevant legal authority, the Court **DENIES** Petitioner's preliminary injunction and habeas petition, for the reasons set forth below. The Temporary Restraining Order expires on 10/30/2026 at 5:00 PM.

## I. FACTUAL BACKGROUND

Petitioner, Israel Ilarios Morales, is a citizen of Guatemala who resides in San Mateo, California. ECF 1 ¶ 13. He works in landscaping and attends a local Catholic church. *Id.* Mr. Morales has a brother who resides in Redwood City and is a United States citizen. ECF 2-3, Declaration of P.F. Gonzalez Montes de Oca ("Oca Decl."), ¶ 13. He also has another brother, who resides in Hayward, with lawful permanent resident status. *Id.* In short, his work, community, and family are tied to the Bay Area.

Based upon the review of the January 11, 2010 Form I-205, the Petitioner previously entered the United States without inspection on September 3, 2005. *Id.* ¶ 9; ECF 20 at 4. He was thereafter charged under Section 212(a)(6)(A)(i) of the INA and failed to appear before the immigration judge for the scheduled hearing on October 19, 2005. *Id.* As a consequence, the immigration judge ordered Petitioner to be removed to Guatemala. *Id.* at 3.

Four years later, on December 24, 2009, Petitioner was arrested for petty theft while shopping for Christmas gifts for his nephews. Oca Decl. ¶ 10. He spent approximately three days in jail before being released on bail. *Id.* Approximately four days after his release, ICE detained him. Mr. Morales spent approximately twenty-one days at an immigration detention facility in Tacoma, Washington, before being deported to Guatemala in 2010. *Id.* ¶¶ 9–10. The removal

occurred pursuant to the pre-existing 2005 removal order. ECF 1 ¶ 3; ECF 20.

Petitioner subsequently reentered the United States without inspection near Nogales, Arizona, on or about February 2023. Oca Decl. ¶ 8; ECF 1 ¶ 18. He did not encounter border officials during that entry and has resided continuously in the United States for the last three years. *Id.*

On September 25, 2026, Petitioner was at his employer's home in San Mateo, helping load a machine into his boss's vehicle before leaving for their landscaping work. Oca Decl. ¶ 6; ECF 1 ¶ 2. After he and his employer departed, three unmarked sedan-type vehicles stopped them approximately forty meters from his employer's home. Oca Decl. ¶ 6. Three ICE officers, wearing police vests, approached the driver's side and directed his employer to leave the vehicle. *Id.* A few minutes later, an officer approached the passenger side of the vehicle and asked Petitioner for his name. *Id.* The officer then directed Petitioner to leave the vehicle and placed him in handcuffs. *Id.*

After handcuffing Petitioner, officers placed him in an unmarked sedan and drove him to a parking lot approximately eight minutes away. *Id.* ¶ 7. There, an officer requested his identification. *Id.* After Petitioner provided his Guatemalan identification document, the officer asked, "Oh, so you are from Guatemala?" and Petitioner answered affirmatively. *Id.* After asking whether he had any health problems, the officer placed cuffs around the Petitioner's ankles and transported him to the San Francisco ICE office. *Id.*

Petitioner alleges that officers did not show him an arrest warrant at the vehicle stop, at the parking lot, or while he was held at the San Francisco ICE office. *Id.* ¶ 11. He reported signing only a document explaining his rights and a document recording the property in his possession. *Id.* Petitioner further alleges that Respondents did not present a properly executed arrest warrant before his arrest and have not presented evidence that a reinstatement order had been entered into his name. ECF 1 ¶ 21.

In responding to the Order to Show Cause, Respondents submitted Form I-205 and the Notice of Intent/Decision to Reinstate Prior Order (Form I-871), which were issued *after* Petitioner's arrest and transport to the San Francisco ICE office. ECF 10-1, 13, 17.

## II. DISCUSSION

The records presented throughout this action establish that the parties do not dispute that Petitioner is subject to a reinstated order of removal under 8 U.S.C. § 1231(a)(5), based on the 2005 removal order. ECF 10-1, 12 at 2, 21 at 2, 22. Consequently, Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(2)(A).

The removal period begins when a noncitizen is "ordered removed." *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021). The order becomes "reinstated from its original date under § 1231(a)(5)" when a noncitizen who "was previously removed pursuant to a valid order of removal" "later reenters the United States without authorization." *Id*. During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). "[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien[.]" 8 U.S.C. § 1252(g). The "reinstated orders are not subject to reopening or review, nor are respondents eligible for discretionary relief under the INA. Instead, they "shall be removed under the prior order at any time after the reentry."" *Guzman Chavez*, 594 U.S. at 534. "Detention during the removal period is mandatory." *Arango Marquez v. INS.*, 346 F.3d 892, 898 (9th Cir. 2003) (citing 8 U.S.C. § 1231(a)(2)). "[T]he period of detention under § 1231(a)(2) also passes constitutional scrutiny." *Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004). Thus, "Petitioner does not merit release based on his claim that he was arrested without a warrant or probable cause in violation of the Fourth Amendment." *Ramirez v. Acting Warden of the Adelanto Det. Ctr.*, No. EDCV 26-4806-AS, 2026 WL 2677300, at *3 (C.D. Cal. Sept. 9, 2026). Consequently, because the Petitioner's prior 2005 removal order is reinstated as of the date of reentry into the United States and, based on the information presented before the Court and absent any defects, the Court does not retain jurisdiction to enjoin execution of the removal order.

Accordingly, the Court **DENIES** Petitioner's request for a preliminary injunction and habeas petition. <u>The temporary restraining order will expire on October 30, 2026 at 5:00 p.m.</u> ECF 19.

Judgment is entered in favor of the Respondents and against the Petitioner.

This Order resolves ECF 1 and 10 and serves as a final judgment in the matter.

The Clerk of the Court shall close the case and terminate the matter.

IT IS SO ORDERED.

Dated: October 29, 2026

TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California